UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
CHRISTOPHER EDWARDS,

          Plaintiff,

     -against-

JANE DOE #1 et al.,

          Defendants.
------------------------------x

MEMORANDUM & ORDER

07 Civ. 5968 (RMB)(MHD)

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

    Plaintiff Christopher Edwards, a former inmate in the New York City correctional system, commenced this pro se lawsuit against four John Doe and Jane Doe defendants, alleging that he had been assaulted by unnamed inmates on June 26, 2004, while the defendant officers watched without intervening. According to plaintiff, he suffered severe eye injuries that went untreated until a judge before whom he was appearing at some later date noted his condition and asked that he receive medical attention. He further alleges that his vision suffered greatly as a result and that he eventually lost the vision in the injured eye.

    Because plaintiff did not know the names of the defendant officers, he was unable to serve them. In an effort to unearth sufficient information to permit him to proceed, we enlisted the assistance of the Law Department to determine whether any incident

1

had been recorded by the Department of Correction ("DOC") on or around the date in question and whether plaintiff's medical records reflected the noted eye injury. Ultimately, counsel for the City reported that the DOC had no record of such an incident and no indication in plaintiff's prison medical records of such an injury. In a further effort to determine whether there was any trail of evidence pertaining to this alleged incident, we directed the City's counsel to seek -- with plaintiff's medical release -- any pertinent records from Bellevue Hospital, where plaintiff stated that he had been treated. Those records were retrieved and counsel reported that they did not reflect treatment for such an eye injury.

We have also reviewed the extensive medical records of the plaintiff, and can confirm that they do not reflect any report of a traumatic injury to the eye, at least to the extent that we can decipher the often nearly illegible entries in those records. The records do contain entries pertaining to issues concerning the eyes, including references to cataracts, as well as a number of "refusal of treatment" forms apparently signed by plaintiff related to recommended visits to the prison ophthalmology clinic.

Given the current status of the case, we also considered appointment of counsel, a step for which plaintiff has formally

2

applied. In view of the current absence of any confirmatory evidence for the injury that plaintiff claims to have suffered, as well as the lack of any indication of the identity of any prison personnel who might have witnessed such an assault, plaintiff is unable to satisfy the minimal standard for such relief, which includes a requirement that the court find some potential merit to the plaintiff's case. See, e.g., Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986). Accordingly, his motion is denied without prejudice to renewal.

The other problem that plaintiff faces is that Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff serve the defendants within 120 days after filing the complaint or else face dismissal of the complaint without prejudice unless he can show good cause for his failure to serve on time. Given the unusual circumstances in this case, it is our view that until now there has been good cause for plaintiff's failure to serve, since he did not know the names of the defendant officers. At some point, however, if diligent efforts to unearth that information fail, the court is faced with the necessity to exercise its discretion under the rule to dismiss that case. For present purposes, however, we grant plaintiff an additional 60 days to identify and serve the defendants. In doing so, consistent with the Second Circuit's admonition in Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir.

3

1997), we authorize him to continue to seek information pertinent to this identification process from the New York City Law Department.[1] We emphasize, however, that it is plaintiff's burden to identify and then serve one or more defendants in order to pursue this lawsuit.

Dated: New York, New York
       January 14, 2008

```
                        _____
                        MICHAEL H. DOLINGER
                        UNITED STATES MAGISTRATE JUDGE
```

Copies of the foregoing Order have been mailed today to:

Mr. Christopher Edwards
# 04-A-6081
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871-2000

Shawn D. Fabian, Esq.
Assistant Corporation Counsel
   for the City of New York
100 Church Street
New York, New York 10007

---

[1] Among the areas that plaintiff may wish to explore is whether his criminal defense attorney can provide him information about the timing and specifics of the injury that he claims was noticed by the presiding state court judge on the occasion of his post-assault court appearance. In addition, he may seek to learn the identity of the female correction officers on duty at 6-North on the day and at the time when the assault allegedly occurred.