

MICHAEL A. CARDOZO
*Corporation Counsel*

JUDGE

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SHAWN D. FABIAN
Assistant Corporation Counsel
E-mail: shfabian@law.nyc.gov
Phone: (212) 788-0906
Fax: (212) 788-9776

March 25, 2008

*[Handwritten endorsed order:]* Memo endorsed. ENDORSED ORDER. In view of the passing of the most recent deadline for plaintiff to serve the defendants, plaintiff is ordered to serve and file, by April 11, 2008 an affidavit or affirmation setting out the factual bases, if any, for the court not to recommend dismissal of the complaint under Fed. R. Civ. P. 4(m) for failure to serve defendants.

**BY HAND DELIVERY**
Honorable Michael H. Dolinger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Christopher Edwards v. Jane Doe #1, et al., 07 Civ. 5968 (RMB)(MHD)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced matter. I write to advise Your Honor of the status of this case, and respectfully request that the Court dismiss plaintiff's complaint for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure, as plaintiff's time to serve defendants has expired. In the alternative, this office respectfully requests that Your Honor dismiss plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to comply with the Court's January 14, 2008 Order and failure to prosecute this matter.

  As Your Honor may recall, by Order dated July 19, 2007, Your Honor directed this office, by August 20, 2007, to report to plaintiff and the Court on whether the officers in the above-referenced action can be identified, and, if so, whether this office will accept service on their behalf. By letter dated August 10, 2007, this office respectfully requested an enlargement of time until September 21, 2007 to provide plaintiff and the Court with the required information. Your Honor granted that request. By letter dated September 21, 2007, this office informed the Court that a thorough search of New York City Department of Correction logbooks produced negative results to support plaintiff's allegations of an incident taking place on or around June 26, 2004. This office also informed the Court that it was awaiting receipt of plaintiff's medical records, in a further attempt to identify any unknown defendants. By letter

dated October 29, 2007, this office informed the Court that after a thorough review of plaintiff's medical records, a copy of which was provided to plaintiff via first class mail, there was no indication of an incident involving plaintiff taking place on or around June 26, 2004. As a result, this office respectfully submitted that it was unable to identify any "John/Jane Doe" correction officer involved in any alleged incident involving plaintiff taking place on or around June 26, 2004.

In a further effort to identify any officers involved in the alleged incident, Your Honor directed this office, on November 13, 2007, to request plaintiff's medical records from Bellevue Hospital, as plaintiff alleged during a telephone conference held on November 13, 2007, that he was subsequently treated for his injuries at Bellevue Hospital. In an Order dated December 17, 2007, Your Honor directed Bellevue Hospital to provide this office with plaintiff's medical records and this office received those records on December 31, 2007. After a thorough review of those records, there were no medical records to support plaintiff's claim that he was admitted to Bellevue Hospital on or around June 26, 2004, nor were there any records to reflect that, as plaintiff alleged, he was treated for eye injuries sustained while in the custody of the New York City Department of Correction. This office, by letter dated January 3, 2008, respectfully submitted to the Court that there was no indication that any incident occurred regarding plaintiff on or around June 26, 2004, nor were there any records to support plaintiff's allegations that he suffered eye injuries as a result of an incident while in New York City Department of Correction custody.

By Order dated January 14, 2008, the Court confirmed that after a review of plaintiff's extensive medical records, they do not reflect any report of a traumatic injury to the eye. In that Order, the Court recognized that plaintiff faced the problem of Rule 4(m) of the Federal Rules of Civil Procedure, and granted plaintiff an additional 60 days, until March 14, 2008, to identify and serve the defendants. The Court authorized plaintiff to continue to seek information pertinent to this identification process from this office, and provided plaintiff, in a footnote to the Court's Order, with ways of which to go about seeking such information. The Court emphasized that it remained plaintiff's burden to identify and then serve one or more defendants in order to pursue this lawsuit.

Subsequent to the Court's January 14, 2008 Order, this office has not received any correspondence from plaintiff, nor does the docket sheet reflect that plaintiff corresponded with the Court with regard to the Court's Order. Plaintiff has made no further attempts to identify defendants in this matter, nor has plaintiff served any correction officers to date. Accordingly, this office respectfully submits that plaintiff has failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure and with Your Honor's January 14, 2008 Order, and respectfully requests that Your Honor dismiss the above-referenced matter, with prejudice, as plaintiff's time to serve defendants has expired and for plaintiff's failure to prosecute the above-referenced matter.

Thank you for your consideration herein.

Respectfully submitted,

Shawn D. Fabian (SF4606)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Mr. Christopher Edwards (By First Class Mail)
Plaintiff *Pro Se*
#04-A-6081
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871-2000