```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
CHRISTOPHER EDWARDS,
                              :
            Plaintiff,        :    REPORT & RECOMMENDATION
                              :
       -against-              :    07 Civ. 5968 (RMB)(MHD)
                              :
JANE DOE #1 et al.,           :
                              :
            Defendants.       :
------------------------------x
```

TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

Plaintiff Christopher Edwards, a former inmate in the New York City correctional system, commenced this pro se lawsuit against four John Doe and Jane Doe defendants, alleging that he had been assaulted by unnamed inmates on June 26, 2004, while the defendant officers watched without intervening. According to plaintiff, he suffered severe eye injuries that went untreated until a judge before whom he was appearing at some later date noted his condition and asked that he receive medical attention. He further alleges that his vision suffered greatly as a result and that he eventually lost the vision in the injured eye.

Because plaintiff did not know the names of the defendant officers, he was unable to serve them. In an effort to unearth sufficient information to permit him to proceed, we enlisted the assistance of the Law Department to determine whether any incident had been recorded by the Department of Correction ("DOC") on or

1

around the date in question and whether plaintiff's medical records reflected the noted eye injury. (Order, July 19, 2007.) Ultimately, counsel for the City reported that the DOC had no record of such an incident and no indication in plaintiff's prison medical records of such an injury. (Letter from Assistant Corp. Counsel Shawn D. Fabian, to the Court, Oct. 29, 2007; Letter from Assistant Corp. Counsel Shawn D. Fabian, to the Court, Sept. 21, 2007.) In a further effort to determine whether there was any trail of evidence pertaining to this alleged incident, we directed the City's counsel to seek -- with plaintiff's medical release -- any pertinent records from Bellevue Hospital, where plaintiff stated that he had been treated. (Order, Dec. 17, 2007; Order, Nov. 13, 2007.) Those records were retrieved and counsel reported that they did not reflect treatment for such an eye injury. (Letter from Assistant Corp. Counsel Shawn D. Fabian, to the Court, Jan. 3, 2008.)

We also reviewed plaintiff's extensive medical records and confirmed that they do not reflect any report of a traumatic injury to the eye, at least to the extent that we could decipher the often nearly-illegible entries in those records. The records did contain entries pertaining to issues concerning the eyes, including references to cataracts, as well as a number of "refusal of treatment" forms apparently signed by plaintiff related to recommended visits to the prison ophthalmology clinic.

By Memorandum and Order dated January 14, 2008, we summarized these findings and granted plaintiff a 60-day extension of time under Rule 4(m) to identify and serve defendants. In doing so we noted "the unusual circumstances in this case," but further observed that "[a]t some point, [] if diligent efforts to unearth that information fail, the court is faced with the necessity to exercise its discretion under the rule to dismiss that case." We also specified that during this interim period plaintiff was authorized "to continue to seek information pertinent to this identification process from the New York City Law Department." Moreover, to assist him in this respect we also mentioned several avenues that he could pursue. These included contacting his former criminal defense attorney, who would presumably have been able to provide details as to the injury, which plaintiff claims was noticed by the presiding state-court judge on his post-assault court appearance. We also suggested that plaintiff seek the identification of all female corrections officers on duty at 6-North on the day and at the time of the alleged assault. Finally, we denied an application by plaintiff for appointment of counsel in view of his evident failure at that stage to demonstrate a sufficient potential for success on the merits. Edwards v. Doe, 2008 WL 191015, at *1 & n.1 (S.D.N.Y. Jan. 14, 2008).

On March 25, 2008 the Law Department requested by letter that

the complaint be dismissed without prejudice under Rule 4(m) or, alternatively, that it be dismissed under Rule 41(b) for failure to prosecute or failure to comply with the January 14 order. (Letter from Assistant Corp. Counsel Shawn D. Fabian, to the Court, Mar. 25, 2008.)[1] In making this application, counsel noted that since the issuance of the January 14 order, plaintiff had had no contact with the Law Department, as suggested by the court, and had apparently undertaken no other efforts to identify the defendants.

We issued an endorsed order on March 26, 2008, noting the passing of the 60-day deadline and directing plaintiff to serve and file an affidavit or affirmation specifying "the factual basis, if any, for this court not to recommend dismissal of the complaint under Fed. R. Civ. P. 4(m) for failure to serve defendants."

Plaintiff responded by letter dated April 6, 2008. In substance he asked only that counsel be appointed to investigate, and suggested that his mug shot might be useful to demonstrate that he looked different when he was first arrested. He also speculated that unidentified corrections officers may have doctored the prison log to hide the fact that he had been assaulted by other inmates on

---

[1] Since no defendants had been identified or served, the Law Department was not representing any defendant, but in view of plaintiff's naming of John and Jane Doe City corrections officers we have deemed the Law Department the de facto representative of any potential defendant.

the date in question.

The Law Department has responded, noting that plaintiff's failure to seek additional information from the City continues to date, and that his April 6 letter fails to demonstrate a basis for further extending his time to serve. (Letter from Assistant Corp. Counsel Shawn D. Fabian, to the Court, Apr. 30, 2008.)

At this stage we cannot justify appointing an attorney to engage in the type of speculative endeavor suggested by plaintiff, particularly in view of his own unexplained and unexcused failure to pursue any of the suggested approaches mentioned in our January 14 order. In addition, given that inaction by plaintiff and the absence of any corroborative information in the records of either the Department of Correction or of Bellevue Hospital, we conclude that plaintiff has not shown good cause to justify excusing his failure to serve the defendants.

## CONCLUSION

For the reasons stated, we recommend that the complaint be dismissed without prejudice under Rule 4(m) for failure to serve any defendant.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Richard M. Berman, Room 650, 500 Pearl Street, New York, New York 10007 and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: New York, New York
       May 5, 2008

                                      MICHAEL H. DOLINGER
                                      UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed this date to:

Mr. Christopher Edwards
#04-A-6081
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871-2000

Shawn D. Fabian, Esq.
Assistant Corporation Counsel
   for the City of New York
100 Church Street
New York, New York 10007